IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>TRENT DUCKWORTH,<br><br>        Defendant. | 8:19CR175<br><br>MEMORANDUM<br>AND ORDER |

      Defendant Trent Duckworth ("Duckworth") is currently serving a 77-month term of imprisonment after pleading guilty pursuant to a written plea agreement to being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). He is incarcerated at the Federal Correctional Institution in Manchester, Kentucky ("FCI Manchester"). Now before the Court is Duckworth's *pro se* request (Filing No. 64) "for a video hearing on his halfway house placement" and related relief.

      Duckworth reports he is "being treated unfairly" by officials at FCI Manchester with regard to his eligibility to be released to a halfway house. According to Duckworth, he has been eligible for such placement since October 4, 2024. He claims that FCI Manchester officials have indicated they will get him placed in a halfway house but are not really processing the paperwork to make that happen. Duckworth asks the Court to put him "on home confinement or" order the staff at FCI Manchester "to do [his] paperwork" and process the transition to a halfway house.

      Unfortunately for Duckworth, the Court does not have authority to grant the relief he requests. Under 18 U.S.C. § 3621, the Bureau of Prisons ("BOP") has exclusive power to "designate the place of the prisoner's imprisonment." *See also* 18 U.S.C. § 3624(c)(1) (permitting the BOP to place a defendant in prerelease custody "under conditions that will" enable their successful reenty for up to twelve months). Though

recent changes in the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, Pub. L. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), expanded the BOP's authority to implement home-confinement measures, the Court continues to lack any authority in such decisions. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); 18 U.S.C. § 3621(b) (providing that "a designation of a place of imprisonment [by the BOP] is not reviewable by any court"). For that reason, Duckworth's request (Filing No. 64) is denied.

    Dated this 12th day of November 2024.

BY THE COURT:

*(signature)*

Robert F. Rossiter, Jr.
Chief United States District Judge